UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EUNICE LEWIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | 3:10-CV-329-PPS-CAN |
| v. | ) ) | |
| LaPORTE REGIONAL HEALTH SYSTEMS, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

*Pro se* plaintiff Eunice Lewis alleges that she was subjected to race-based discrimination in violation of Title VII by her former employer, defendant LaPorte Regional Health Systems. LaPorte has moved to dismiss the complaint, under Rule 12(b)(6), on the grounds that (1) Lewis failed to exhaust her administrative remedies before filing her complaint; and (2) Lewis failed to file her complaint within 90 days of receiving a right-to-sue letter [DE 6]. Because Lewis' complaint is time-barred, the Court **GRANTS** LaPorte's motion to dismiss.

## BACKGROUND

Lewis worked as a nurse at LaPorte for an unspecified length of time until she resigned, on an unspecified date, due to the racially-motivated hostility she says she experienced there [DE 1]. According to Lewis, such hostility included racial intolerance and race-based harassment by her supervisors and co-workers [*Id*.].

Using a fill-in-the-blank employment discrimination complaint, Lewis initiated this lawsuit on August 11, 2010. In the blank asking whether she had filed a charge of discrimination with the EEOC, Lewis responded that she had not [*Id*. at 2, ¶ 2]. In the blank asking when she received notice of her right to sue from the EEOC, however, Lewis wrote "5-

10-2010" [*Id.*, ¶ 3]. Lewis does not attach to her complaint either her alleged right-to-sue letter, or the discrimination charge she needed to have submitted to the EEOC to receive a right-to-sue letter.

LaPorte argues that Lewis' complaint must be dismissed on the ground that she failed to exhaust her administrative remedies under Title VII [DE 6]. LaPorte also seeks dismissal on the ground that Lewis' complaint is time-barred because she failed to file it within 90 days of receiving notice of her right to sue [*Id.*].

**DISCUSSION**

Rule 12(b)(6) allows dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint does not need detailed factual allegations to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," a *pro se* complainant "can plead himself out of court." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *see also McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) ("if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief.").

Here, the procedural requirements of Title VII govern whether Lewis can survive LaPorte's motion. A complaint alleging violations of Title VII must be filed no more than 90 days after the plaintiff receives a right-to-sue letter from the EEOC, otherwise the suit is time-barred. 42

U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001). This deadline is not a flexible guideline, even for *pro se* litigants like Lewis, and even a one-day delay is fatal. *Dandy v. United Parcel Service*, 388 F.3d 263, 270 (7th Cir. 2004); *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000); *Wilson v. Doctors Hospital of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996).

The 90-day deadline, however, is not a jurisdictional requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 165 (7th Cir. 1995). Instead, it is a condition precedent, which, like a statute of limitations requirement, is subject to equitable modification. *See Perkins v. Silverstein,* 939 F.2d 463, 469-70 (7th Cir. 1991).

Unfortunately for Lewis, her allegations as to when she received her right-to-sue letter show that her suit is untimely. Assuming, as I must, that Lewis received her right-to-sue letter on May 10, 2010, as she alleges, Lewis had 90 days from that date, or until August 8, 2010, to file her complaint. Because she did not file her complaint until August 11, 2010, three days after the 90-day deadline, her complaint is time-barred. And Lewis does not provide a defense that would excuse her tardiness. Accordingly, Lewis' Title VII claim is untimely, and must be dismissed.

Because I find that Lewis' complaint must be dismissed as untimely, I need not reach LaPorte's alternative argument that Lewis' failure to exhaust her administrative remedies warrants dismissal. I note, however, that Lewis' failure to attach to her complaint any EEOC-related documents, including her alleged right-to-sue letter, and her indication that she did not file a discrimination charge with the EEOC, strongly suggest that Lewis did in fact fail to exhaust.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by defendant LaPorte Regional Health Systems [DE 6] is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** as time-barred.

**SO ORDERED**.

ENTERED: December 10, 2010

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT